**SEGRO v. JONES et al.**

No. 18209.  Opinion Filed July 10, 1928.

(Syllabus.)

**Appeal and Error—Review—Necessity for Assigning Error in Petition in Error.**

This court will not consider an alleged error of the trial court in sustaining a demurrer to plaintiff's petition when the same is not assigned as error by the petition in error.

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Willie Segro, an incompetent, by H. M. Fender, guardian, against Elliott L. Jones and others to recover possession of land. Judgment for defendants. Plaintiff appeals. Affirmed.

R. D. Howe, for plaintiff in error.

Thrift & Davenport, for defendants in error.

HERR, C. This is an action by Willie Segro, an incompetent, by and through his guardian, H. M. Fender to recover possession of the northwest quarter (N.W.¼) of section twenty (20) in township 13 north, range 15 east of the Indian Meridian, Okmulgee county.

It is alleged that these premises constituted the allotment of Eli Segro, a Creek citizen, now deceased; that plaintiff, then a minor, was his only heir and inherited his entire allotment; that on October 7, 1905, one Alex McIntosh was, by the United States Court of the Western District of the Indian Territory, situated at Okmulgee, appointed his guardian; that the guardianship proceeding was pending in said court upon the incoming of statehood; that said proceeding was thereafter docketed in the county court of Okmulgee county, but that no order was ever made by the district court of Okmulgee county transferring said proceeding; that the cause was, thereafter, transferred by the county court of Okmulgee county to the county court of McIntosh county; that Alex McIntosh, then guardian for said minor, resigned, and H. M. Fender was then by the county court of McIntosh county appointed guardian; that the premises were sold by said guardian at guardians' sale had by and through the county court of McIntosh county, and a deed executed by said guardian to Harry Denton, who conveyed to these defendants.

The regularity of the proceedings is not challenged. The sole contention made by plaintiff in his petition is that the sale was void for the reason that the county court of McIntosh county was without jurisdiction; that no order was ever made by the district court of Okmulgee county transferring the case to the county court of Okmulgee county; that without such order of transfer there was no authority for docketing said

cause in the county court of Okmulgee county, and that said court could not, therefore, legally transfer the same to the county court of McIntosh county, and that, by reason thereof, the county court of McIntosh county was without jurisdiction and the sale, therefore, absolutely void.

A demurrer to the petition was sustained by the trial court. Plaintiff appeals.

The only error assigned by the petition in error is:

"That the said court erred in holding that said action was barred by the statute of limitation."

It does not appear from the record that the court sustained the demurrer on the ground that the cause was barred, nor does it anywhere appear that the court ever held plaintiff's cause of action barred.

The demurrer was general and special. It is true that one of the grounds of demurrer was that the cause of action, if any plaintiff had, was barred by limitation, but it does not appear that the demurrer was sustained on this ground.

Plaintiff's case, by his pleadings, is based solely on the theory that no legal transfer of the cause was ever made; that the county court of McIntosh county never acquired jurisdiction; that at the time of the sale, the cause was still pending either in the district court of Okmulgee county or in the county court of said county, and that Alex McIntosh was, at said time, still guardian, and that the sale, for this reason, was absolutely void.

It is not assigned as error that the court erred in sustaining defendants' demurrer to the petition. The assignment made does not properly challenge the ruling of the trial court in sustaining the demurrer. We can not, therefore, review the alleged error.

Judgment should be affirmed.

BENNETT, REID, FOSTER, and JEFFREY, Commissioners, concur.

Note.—See 3 C. J. p. 1330, §1462.